UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: | : |
| | : BANKRUPTCY CASE NO. 22-50645 |
| DONALD JOHNSTON | : |
| | : CHAPTER 7 |
| Debtor | : ADVERSARY NO.  22-05014 |
| | : |
| DONALD JOHNSTON | : |
| | : |
| Debtor/Movant | : |
| | : |
| vs. | : |
| | : |
| United States Department of Education | : |
| | : |
| Defendant. | : |
| _____ | : |

ANSWER OF UNITED STATES OF AMERICA TO PLAINTIFF'S
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

NOW COMES the United States of America, by and through the United States Attorney for the Middle District of Georgia, on behalf of the United States Department of Education (hereinafter United States of America), and answers the Plaintiff's Complaint as follows:

AFFIRMATIVE DEFENSES

1. **U.S. Department of Education is not a proper party and should be dismissed from this Adversary.**

The named Defendant, U.S. Department of Education, in this case is an agency of the United States government.  The loan(s) in question in this Adversary are held by the U.S. Department of Education.  An agency of the United States government cannot be sued in its own name without express congressional authority.  *See Blackmar v. Guerre*, 342 U.S. 512, 514 (1952). This prohibition extends to the U.S. Department of Education as an agency of the United States government.  *Purk v. United States,*  747 F. Supp. 1243, 1247 (S.D. Ohio 1989)("the IRS . . . is not an independently suable [sic] entity").  The real party in interest is the United States of America.  Therefore, the Court lacks personal jurisdiction over the  named defendant, U.S. Department of Education, and the U.S. Department of Education should be dismissed as a party to this action.

The United States of America answers the allegations in each separate paragraph of Plaintiff's Complaint as follows:

1.

The United States of America admits the allegations contained within Paragraph One (1) of Plaintiff's Complaint.

2.

The United States of America admits the allegations contained within Paragraph Two (2) of Plaintiff's Complaint. Defendant consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

3.

Paragraph Three (3) contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained therein.

4.

The United States of America admits the allegations contained within Paragraph Four (4) of Plaintiff's Complaint.

5.

The United States of America admits the allegations contained in Paragraph Five (5) of Plaintiff's Complaint.

6-8.

The United States of America denies the allegations contained in Paragraphs Six through Eight (6-8) of Plaintiff's Complaint.

9.

The United States of America denies all remaining allegations of Plaintiff's Complaint, which has not been admitted, denied or otherwise controverted.

REQUEST FOR RELIEF

The paragraph beginning with "Wherefore" sets forth Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

WHEREFORE, having answered Plaintiff's Complaint, the United States of America requests that the Court enter an Order denying the relief sought in Plaintiff's Complaint.

This 20th day of September 2022.

                            PETER D. LEARY
                            UNITED STATES ATTORNEY

            By:    /s/ Bernard Snell
                    Bernard Snell
                    Assistant United States Attorney
                    State Bar No. 665692

Address:
P.O. Box 1702
Macon, Georgia 31202-1702
(478) 752-3511

CERTIFICATE OF SERVICE

I, Bernard Snell, hereby certify that on this date, I electronically filed the within and foregoing **Answer of United States of America to Plaintiff's Complaint to Determine Dischargeability of Debt** with the Clerk of Court using the CM/ECF system. I also certify that Debtors'/Plaintiff's attorney and Trustee have been served on this date by electronic means of the Court:

A.G. Knowles
Attorney for Debtor/Plaintiff
544 Mulberry Street
Suite 202
Macon, Georgia 31201

Walter W. Kelley
Chapter 7 Trustee
P.O. Box 70879
Albany, Georgia 31708

U.S. Trustee
U.S. Trustee- MAC
440 Martin Luther King Jr. Boulevard
Suite 302
Macon, Georgia 31201

This 20th day of September 2022.

                        PETER D. LEARY
                        UNITED STATES ATTORNEY

By:   /s/ Bernard Snell
       Bernard Snell
       Assistant United States Attorney
       State Bar No. 665692

Address:
P.O. Box 1702
Macon, Georgia 31202-1702
(478) 752-3511