UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: | : |
| | : BANKRUPTCY CASE NO. 22-50645 |
| DONALD JOHNSTON | : |
| | : CHAPTER 7 |
| Debtor | : ADVERSARY NO.  22-05014 |
| | : |
| DONALD JOHNSTON | : |
| | : |
| Debtor/Movant | : |
| | : |
| vs. | : |
| | : |
| United States Department of Education | : |
| | : |
| Defendant. | : |
| _____ | : |

## **JOINT MOTION TO STAY ADVERSARY PROCEEDING**

The parties to the above-captioned adversary proceeding, Donald Johnston ("Plaintiff") and United States of America on behalf of the United States Department of Education ("Defendant," and with the Plaintiff, the "Parties"), through their respective counsel, file this joint motion (the "Motion") requesting the Court stay further action in the above-entitled adversary proceeding through and including December 31, 2022, and as grounds for this Motion, state the following:

On June 14, 2022, Debtor filed this bankruptcy proceeding under Chapter 7 of the United States Bankruptcy Code. Defendant is a creditor in the above styled case via a United States Department of Education student loan. On August 3, 2022, Debtor filed the above captioned adversary proceeding seeking a hardship discharge of his student loan indebtedness to the United States Department of Education. On September 20, 2022, Defendant filed an opposition  answer to Plaintiff's subject adversary proceeding.

1.      On August 6, 2021, the United States Department of Education (the "Department") announced an extension through January 31, 2022, of its policy suspending payments and collection activities regarding federally-held student loans. Suspension of payments and collections on federal student loans originated with the enactment of the "Coronavirus Aid, Relief, and Economic Security Act'' (the "CARES Act") on March 27, 2020, and after expiration of these provisions of the CARES Act, suspension of payments and collections have been extended through executive action and regulatory action of the Department.

2.      Education has now further extended its policy to suspend payments and collection of federal student loan debt through December 31, 2022.

3.      Consistent with Education's suspension of collection activity, the parties have consented to the request to stay this adversary proceeding through December 31, 2022. A stay of this proceeding will further the goal of minimizing the financial impact of the COVID-19 pandemic on Federal student loan borrowers by assisting those borrowers to avoid litigation costs and burdens during the pendency of the suspension.

4.      Courts have "broad discretion" to stay proceedings in matters before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1.

5.      In bankruptcy proceedings, courts have found the power to issue a stay of proceedings is derived from Section 105(a) of the Bankruptcy Code, which authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry

out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). *See, e.g., U.S. Bank N.A. v. Perlmutter (In re South Side House, LLC),* 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012) (Court has inherent authority to stay bankruptcy proceedings under Section 105(a)) (*citing Musselman v. Home Ins. Co. of Ind. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 1990 U.S. Dist. LEXIS 10235 at *2 (S.D.N.Y. Aug. 7, 1990) (Section 105(a) authorizes bankruptcy to enter a complete stay of an adversary proceeding)).

6. In this case, staying continuation of the litigation is appropriate during the Education payment and collection pause. In addition, Education has announced and is implementing a student loan debt relief initiative, and the debtor's possible eligibility for such relief could affect the outcome of this adversary proceeding. The Parties therefore jointly request the Court stay the present matter and suspend [the scheduling order] [deadlines, trial dates, etc.] until further Order of this Court. The parties shall file a joint status report with the Court should significant facts develop which warrant attention of the Court prior to the continued hearing date of April 10, 2023.

This 20th day of October, 2022.

END OF DOCUMENT

AGREED UPON BY THE INTERESTED PARTIES AS EVIDENCED BY THEIR SIGNATURES BELOW.

| Order prepared and consented to by: | Order consented to by: |
|---|---|
| /s/ Bernard Snell | /s/ A. G. Knowles |
| Bernard Snell | (w/express permission given by:) |
| Assistant United States Attorney | A. G. Knowles |
| o/b/o U. S. Department of Education | Attorney for Debtor/Movant |
| State Bar No. 665692 | State Bar No. 426642 |
| Post Office Box 1702 | 544 Mulberry Street, Suite 202 |
| Macon, Georgia 31202-1702 | Macon, Georgia 31201 |
| 478-752-3511 | 478-742-8706 |
| Bernard.Snell@usdoj.gov | agk@agknowleslaw.com |